**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ALICIA JACOBY, Individually and as | § | |
| Guardian of the Person and Estate of | § | |
| MATTHEW and as Next Friend of L.J., a | § | |
| Minor; and ANGELA JACOBY, | § | |
|     Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 2:11-cv-124-TJW |
| v. | § | |
| | § | |
| TREK BICYCLE CORP., | § | |
|     Defendant. | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Trek Bicycle Corporation's ("Trek" or "Defendant") Motion for Relief from Order Granting Plaintiffs' Motion to Change Venue or in the Alternative Motion to Transfer Venue. (Dkt. No. 8.) For the following reasons, both motions are DENIED.

## I.    Background

The facts underlying the bases for these motions and the procedural history of this case are unique. The underlying complaint arises out of an accident on a Trek bicycle by Matthew Jacoby in Nacogdoches, Texas. This lawsuit was brought against Trek by Jacoby's representative and Jacoby's family members (collectively "Plaintiffs"). Although the Plaintiffs meant to file the lawsuit in the Marshall Division of the Eastern District of Texas, Plaintiffs accidently and mistakenly filed the lawsuit in the Lufkin Division.[1] Plaintiffs apparently quickly realized the

---

[1] To the extent there is any dispute whether Plaintiffs' filing in Lufkin was an accident, this Court finds that Plaintiffs did in fact accidently and mistakenly file this lawsuit in the Lufkin Division instead of the Marshall Division. This is clearly evidenced by the surrounding circumstances in

1

mistake and filed an "unopposed" motion to transfer to the Marshall Division six days after filing

their complaint, and Plaintiffs stated in the motion that they had made a mistake by filing in the

Lufkin Division.   (Dkt. No. 3.)   This "unopposed" motion to transfer was filed before Trek had

been served or answered in this case.   Within two days of the motion to transfer, Judge Clark

transferred the case to the Marshall Division for primarily two reasons: (1) since the motion was

labeled "unopposed," Judge Clark assumed that Trek agreed with the motion (Dkt. No. 4, at 3);

and (2) Judge Clark observed that even if the Court denied the transfer, since Trek had not been

served or answered, Plaintiffs could have instead voluntarily dismissed the case without prejudice

and re-filed in the Marshall Division—so any prejudice to Trek would be minimal (Dkt. No. 4, at 3

n.3).   After the case was transferred to the Marshall Division, Trek later answered and

simultaneously filed this motion to vacate Judge Clark's Order or in the alternative transfer this

case to the Lufkin Division under 28 U.S.C. 1404(a).

## II.    Discussion

### A.    Trek's Motion to Vacate Judge Clark's Order Transferring this Case to the Marshall Division (Motion to Reconsider)

The Court first addresses Trek's motion to vacate Judge Clark's Order which originally

transferred this case from the Lufkin Division to the Marshall Division, and the Court DENIES

this motion.

#### 1.    Legal Standard

---

this case.   First, Plaintiffs' motion to transfer to the Marshall Division, which was filed less than a
week after Plaintiffs filed their complaint in the Lufkin Division, admitted to the mistake.   (Dkt.
No. 3.)   Second, Plaintiffs' original complaint, in the "Parties and Jurisdiction" section,
repeatedly stated why jurisdiction and/or venue was proper in the "Marshall Division," which
would be abnormal if Plaintiffs meant to file in the Lufkin Division.   (Dkt. No. 1.)

Neither party correctly articulates the standard this Court should apply for this motion, as the motion is essentially a motion to reconsider. Trek originally argued it was entitled to relief under Federal Rule of Civil Procedure 60(b), but Trek appeared to retreat from this argument in its Reply Brief because Rule 60(b) only applies to final judgments or orders, and an order transferring venue is interlocutory. *See Zimzores v. Veterans Admin.*, 778 F.2d 264, 266 (5th Cir. 1985) (discussing how Rule 60(b) applies to final judgments or orders and not interlocutory orders). In Trek's Reply Brief, Trek argues the Court may use its "inherent power" to vacate or reconsider Judge Clark's Order, which this Court interprets as a motion to reconsider the Order. (Dkt. No. 13, at 1-4.) The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). Before the entry to final judgment, however, the Court has power to reconsider or reverse an interlocutory order at any time under Federal Rule of Civil Procedure 54(b). It is this Court's practice to consider motions to reconsider interlocutory orders under the standard of Federal Rule of Civil Procedure 59(e). *See, e.g.*, *Wi-Lan, Inc. v. Acer, Inc.*, Case No. 2:07-CV-473-TJW-CE, 2010 WL 5559546, at *2 (E.D. Tex. Dec. 30, 2010) (Ward, J.). *See also T-M Vacuum Prods., Inc. v. TAISC, Inc.*, Civ. No. H-07-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008) (Rosenthal, J.). The grounds for granting a motion for reconsideration under Rule 59(e) include: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002).

2.      *Analysis*

Essentially, Trek argues that it was improper for Judge Clark to transfer this case because the transfer motion was not really "unopposed" as the motion suggested. Based on the abovementioned standard, the Court DENIES Trek's motion for reconsideration.

The Court agrees that, at least based on this Court's understanding of an "unopposed" motion, it was improper for Plaintiffs to label the motion as "unopposed." In this Court's view, when a moving party labels a motion "unopposed," it means that the moving party has conferred with the non-moving party and learned that the non-moving party (or parties) are unopposed to the relief requested. But that is not what happened in this case. Trek was neither a party to the lawsuit nor had they been served when Plaintiffs filed their "unopposed" motion. Trek states that it would have opposed the motion if it had known about it, but Trek obviously did not know about the motion. Thus, it was improper for the motion to be labeled "unopposed." By "improper," however, the Court is not implying that the Plaintiffs or its counsel performed any act of bad faith. Rather, it would not be unreasonable to consider the motion "unopposed," as Trek could not have officially opposed the motion because they were not a party to the case at the time. But that is not the view of this Court, and, more importantly, that is not how Judge Clark interpreted the "unopposed" motion. Instead, Judge Clark's Order stated that because "the motion indicates the request to transfer is unopposed, the court can only conclude that Trek agrees both that venue would be proper in the Marshall Division in the first instance, and that analysis of the public and private interest factors favors transfer to that Division." (Dkt. No. 4, at 3.)

As a result, Trek has a good argument that this Court should reconsider the transfer order under either the second or third grounds for reconsideration from *In re Benjamin Moore & Co.*, which are discussed above. To illustrate, under the second ground, the Court has available

evidence that was not previously available because the Court now knows that Trek was actually not unopposed to the transfer motion.   Under the third ground, it is arguable that the Court should prevent the alleged "manifest injustice" of this case being transferred based on a motion labeled "unopposed" that was not truly unopposed.

Nevertheless, the Court will not reconsider and vacate Judge Clark's Order because Judge Clark had other sufficient grounds to transfer this case.   Namely, Judge Clark observed that any prejudice to Trek would be minimal because even if the Court denied the transfer, Plaintiffs could have merely dismissed the case without prejudice and re-filed in the Marshall Division (since Trek had neither been served nor answered).   Based on that ground, Judge Clark may have decided that it was in the "interest of justice"[2] to transfer the case to the Marshall Division.   Such a conclusion is rational, given that Plaintiffs mistakenly and accidently filed the case in the Lufkin Division.   It would be unjust and irrational to require Plaintiffs to voluntarily dismiss their case in the Lufkin Division and re-file it in the Marshall Division when the Court could easily use its broad discretion to transfer the case under 28 U.S.C. § 1404(a).   Therefore, Trek's motion to reconsider is DENIED.

## B.   Trek's Motion to Transfer Under 28 U.S.C. § 1404(a)

Because the Court DENIES Trek's motion to reconsider the transfer to the Marshall Division, in order for Trek to prevail in its attempt to have this case in the Lufkin Division, Trek must meet its burden to show the Court this case would be "clearly more convenient" in the Lufkin Division than in the Marshall Division.   Trek has not met that burden, therefore, the Court DENIES Trek's motion to transfer.

---

[2] 28 U.S.C. § 1404(a).

## 1. Legal Standard

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth Circuit has enunciated the standard to be used in deciding motions to transfer venue. *See In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc). The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Id.* at 314.

The initial threshold question is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the Court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized [disputes] decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.*

## 2. Analysis of Proper Venue

The threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagon I*, 371 F.3d at 203.   The parties do not dispute that this case could have been filed in the Lufkin Division, as venue would be proper there as it is in the Marshall Division.   Therefore, the threshold determination is met in this case.

### 3.    Analysis of Public and Private Interest Factors

After considering the public and private interest factors, the Court DENIES Trek's motion to transfer venue to the Lufkin Division under 28 U.S.C. § 1404(a).

The factual allegations underlying Trek's motion include the following.   First, Plaintiffs reside in the Lufkin Division.   Second, key nonparty witnesses (which are not named) as well as other fact witnesses all reside in the Lufkin Division.   Third, the accident happened in the Lufkin Division (in Nacogdoches, Texas) and the reports are more easily accessed there.   Finally, there is nothing in the Marshall Division.   Based on these factual allegations, Trek asks this Court to transfer venue, and the Court declines.

At the outset, the Court observes that Trek has the burden on its motion to transfer venue to the Lufkin Division,[3] and Trek has provided no affidavits or other evidence to support its factual

---

[3]  The Court observes that the parties dispute which party should carry the burden in the motion to transfer venue.   It is the movant that carries the burden in a motion to transfer venue. *Volkswagen II*, 545 F.3d at 314.   Nevertheless, Trek argues it should not carry the burden because (1) venue was wrongly transferred to the Marshall Division by Judge Clark based on a misleading "unopposed" motion to transfer; and (2) the burden from *Volkswagen* is partially based on the plaintiff's choice of venue, and because the Plaintiffs originally chose the Lufkin Division, that changes the burden.   With respect to Trek's first argument, the Court has already denied Trek's motion to reconsider Judge Clark's Order.   Thus, venue is currently proper in the Marshall Division, so because Trek is seeking to change venue to the Lufkin Division, Trek bears the burden as the movant.   As to the second argument, the Court plainly disagrees with Trek's statement that Plaintiffs' choice of venue was the Lufkin Division because Plaintiffs only filed there by mistake.

assertions.   Instead of pointing out the likely witnesses and their locations, Trek asks the Court to merely assume the location of witnesses, and that is improper for the party bearing the burden. Nevertheless, even assuming *arguendo* that Trek's account of the facts is correct, Trek leaves out two very important facts.

First, the accident occurred in Nacogdoches, Texas, which is within the Lufkin Division. And because Trek provides no detail, the Court can only assume that the witnesses Trek refers to are also located in Nacogdoches.   The city of Nacogdoches is approximately twenty miles from the Lufkin Division courthouse, but it is only approximately seventy-five miles from the Marshall Division courthouse.   Therefore, to the extent the location of witnesses or sources of proof in Nacogdoches affect the factors of "the relative ease of access to sources of proof," "the cost of attendance for willing witnesses," and "the local interest in having localized disputes decided at home," this effect is minimal given the relative distance of Nacogdoches to Lufkin and Marshall. Indeed, for at least the factor of convenience to the witnesses, the Fifth Circuit has promoted the "100-mile rule" when considering this factor, and Nacogdoches is within 100 miles from Lufkin and Marshall.   Even Lufkin is within 100 miles from Marshall.   Furthermore, to the extent any nonparty witnesses are located in either Nacogdoches or Lufkin, those witnesses would also be subject to the Court's subpoena power, so the factor of "availability of compulsory process to secure the attendance of witnesses" is neutral.

Second, Trek ignores the fact that there is no sitting district judge in the Lufkin Division. Instead, either Judge Clark or Judge Crone travel from Beaumont, Texas to the Lufkin courthouse

---

Instead, it is clear to this Court that Plaintiffs' choice of venue was the Marshall Division—otherwise Plaintiffs would not have sought to transfer venue to the Marshall Division merely days after filing in the Lufkin Division.   Therefore, Trek carries the burden in this motion to transfer.

for any trials or hearings, and that is a distance of over 100 miles. In contrast, the Marshall Division has a sitting district judge and magistrate judge. Thus, the factor the Fifth Circuit entitles "all other practical problems that make trial of a case easy, expeditious and inexpensive" at least slightly weighs in favor of keeping this case in the Marshall Division because it creates a lesser strain on the judicial resources in the Eastern District of Texas by limiting the travel requirements for the judges.

In conclusion, this Court recognizes the significant burden on a movant in a motion to transfer venue. Indeed, as this Court stated in *Texas Data Co., L.L.C. v. Target Brands, Inc.*, "[t]he Fifth Circuit in *Volkswagen II* recognized this 'significant burden' and issued a writ of mandamus to transfer only after it found that four of the eight *Gilbert* factors weighed in favor of transfer and no factors weighed against transfer." Civ. No. 2:10-cv-269-TJW, --- F. Supp. 2d ----, 2011 WL 98283, at *14 (E.D. Tex. Jan. 12, 2011) (J. Ward). As discussed above, at most, the factors of "the relative ease of access to sources of proof," "the cost of attendance for willing witnesses," and "the local interest in having localized disputes decided at home" minimally weigh in favor of transfer. The factor of "all other practical problems that make trial of a case easy, expeditious and inexpensive" slightly weighs against transfer. All other factors are neutral. Therefore, Trek has not met its burden of showing the Lufkin Division is "clearly more convenient" than the Marshall Division. *See Volkswagen II*, 545 F.3d at 315.

## III. Conclusion

Trek's Motion to Reconsider Judge Clark's Order Transferring Venue is DENIED. (Dkt. No. 8.) Trek's Motion to Transfer Venue from the Marshall Division to the Lufkin Division is also DENIED. (Dkt. No. 8.)

It is so ORDERED.

SIGNED this 28th day of July, 2011.

_T. John Ward_

T. JOHN WARD
UNITED STATES DISTRICT JUDGE